IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

IN RE:
ROGER PICKLES,                                          CASE NO.: 13-17489-RAM
A/K/A ROGER GERALD PICKLES,                             CHAPTER 7
REBECCA CRESPI,
A/K/A REBECCA CRESPI PICKLES,
A/K/A REBECCA PICKLES,

        Debtors.
_____/

MOTION FOR RELIEF FROM AUTOMATIC STAY
NOTICE OF OPPORTUNITY TO OBJECT AND FOR HEARING

**ANY INTERESTED PARTY WHO FAILS TO FILE AND SERVE A WRITTEN RESPONSE TO THIS MOTION WITHIN 14 DAYS AFTER THE DATE OF SERVICE STATED IN THIS MOTION SHALL, PURSUANT LOCAL RULE 4001-1( C ), BE DEEMED TO HAVE CONSENTED TO THE ENTRY OF AN ORDER GRANTING THE RELIEF REQUESTED IN THE MOTION.**

       Comes now, Green Tree Servicing LLC, as the duly authorized servicer for Federal National Mortgage Association, hereinafter referred to as "Movant", seeking modification of the automatic stay in this case for purposes of exercising in rem remedies against the collateral described below, or in the alternative, obtaining adequate protection, and for cause would show the Court as follows:

       1.     On April 2, 2013, Debtor(s) (hereinafter referred to as "Debtor," collectively or singular), filed for relief under Chapter 7 of the Bankruptcy Code.

       2.     Jurisdiction of this cause is granted to the Bankruptcy Court pursuant to 28 U.S.C. 1334, 11 U.S.C. 362 and all other applicable rules and statutes affecting the jurisdiction of the Bankruptcy Courts generally.

       3.     On or about May 1, 2006, Debtor executed a Note and Mortgage (hereinafter referred to as "Agreement") in the principal amount of $273,000.00, together with interest thereon as set forth therein. Federal National Mortgage Association is the owner of the Note. Movant is the servicer of the loan and is the holder of the Note. Federal National Mortgage Association has authorized Movant to bring the present action. A copy of the "Agreement" is attached hereto as **Exhibit "A."**

4.	Movant has standing to bring this Motion.  Movant is not required to produce an Assignment of the Mortgage pursuant to applicable law since it is in possession of the original Note, which has been endorsed in blank and is therefore the holder as defined by Florida law.

5.	Where a note secured by a mortgage is transferred without any formal assignment of the mortgage, the mortgage in equity passes as an incident to the debt, unless there is some plain and clear agreement to the contrary. Johns v. Gillian, 184 So. 2d 140 (Fla. 1938). "A mere delivery of a note and mortgage, with intention to pass the title, upon proper consideration, will vest the equitable interest in the person to whom it is so delivered." Id. at 143. "Because the lien follows the debt, there was no requirement of attachment of a written and recorded assignment of the mortgage in order for the appellant to maintain the foreclosure action." Chemical Residential Mortgage v. Rector, 742 So. 2d 300 (Fla. 1st DCA 1998), rev. denied 727 So. 2d 910 (1999).  To foreclose upon a promissory note, the plaintiff must be the "holder" in order to be the real party in interest.  Troupe v. Redner, 652 So. 2d 394 (Fla. 2d DCA 1995), citing Withers v. Sandlin, 36 Fla. 619, 18 So. 856 (1896); Laing v. Gainey Builders, Inc., 184 So. 2d 897 (Fla. 1st DCA 1966).  The "holder," with respect to a negotiable instrument, means the person in possession if the instrument is payable to Bearer or, in the case of an instrument payable to an identified person, the identified person if said identified person is in possession.  §671.201(20), Florida Statutes (2002).  "Bearer" means the person in possession of an instrument, document of title, or certificated security payable to bearer or indorsed in blank.  §671.201(5), Florida Statutes (2002).

6.	Funds were advanced in connection with the aforementioned Agreement as purchase money for the following real property:

**CONDOMINIUM UNIT NO. 257, BUILDING NO. 5, OF MARINER VILLAGE TOWNHOUSE CONDOMINIUM NO. 2, A CONDOMINIUM ACCORDING TOT HE DECLARATION OF CONDOMINIUM THEREOF, AS RECORDED IN OFFICIAL RECORDS BOOK 12365, PAGE 1905 PUBLIC RECORDS OF DADE COUNTY, FLORIDA.**

7.	The terms of the aforementioned Agreement entitle Movant to possession of the collateral upon Default.  The Movant has declared the Debtor in Default.

8.      Movant now holds equitable title to the collateral as a result of the terms of the Agreement.

9.      Debtor has defaulted under the terms of the Agreement by failing to make the payments as required under the Agreement. The last payment made to the account was October 1, 2012, and the account is currently due for the November 1, 2012, payment.. The current delinquency is $13,530.07 through and including the June 1, 2013. The current monthly payment is $1,695.29 which consists of principal, interest, and escrow. The payoff is $287,050.01 as of June 6, 2013, and the per diem is $51.42, but Movant estimates the value of the property to be significantly less. Accordingly there is no equity or value to the estate. The Trustee has not abandoned an interest in the property, and the Debtor has not claimed the property as exempt. The Debtor has indicated in the Statement of Intention that the collateral securing the Agreement will be surrendered to Movant.

10.     Accordingly, Movant requests that the Court grant it relief from the Automatic Stay in this case pursuant to 362(d)(1) of the Bankruptcy Code for cause, namely, the lack of adequate protection to Movant for its interest in the collateral. The value of the collateral is not sufficient in and of itself to provide adequate protection which the Bankruptcy Code requires to be provided to Movant.

11.     In support of this Motion for Relief of the stay under 362(d) of the Bankruptcy Code, Movant would show that it would be inequitable to permit Debtor to retain the collateral, that there is no equity in the collateral and that said collateral is not necessary for an effective reorganization. Additionally, Movant would show that Debtor has failed to timely meet and satisfy the payment requirements with respect to the obligations set forth in the Agreement**.**

12. Movant submits that lack of adequate protection in this case is the appropriate ground for relief which Movant seeks under 362(d), and that the possible existence of equity over and above the indebtedness, which Movant denies exists, would not, even if it did exist, constitute adequate protection as contemplated by the Bankruptcy Code. Additionally, Movant would show that its indebtedness continues to accrue interest and the Debtor enjoys the benefits of collateral without following the requirements of the Bankruptcy Code.

13. Movant is receiving no payments from the Debtor to protect Movant against the erosion of its collateral position and Movant is not otherwise being adequately protected.

14. If Movant is not permitted to enforce its security interest in the collateral or is not provided with adequate protection, it will suffer irreparable injury, loss and damage.

15. Movant asserts that sufficient cause exists to waive the requirement of Bankruptcy Rule 4001(a)(3), therefore allowing any order entered to be effective upon execution since the collateral is easily moved, easily secreted, and easily damaged within the fourteen day period that would otherwise stay recovery of the collateral. In addition, Movant prays that the Court suspend the Rule in all instances in which there is a consent on the part of the Debtor.

Case 13-17489-RAM    Doc 30    Filed 06/13/13    Page 5 of 5

WHEREFORE, PREMISES CONSIDERED, Movant prays that Debtor be cited to appear herein; that upon final hearing hereof, this Court enter an order modifying the automatic stay under 11 U.S.C. 362(d), to permit Movant to take any and all steps necessary to exercise any and all rights it may have in the collateral described herein and to gain possession of said collateral and that Movant have such other and further relief as is just.

DATED this 13th day of June, 2013.

Respectfully submitted,

S/ Matthew E. Bryant

_____
Matthew E. Bryant
Fla. Bar ID: 93190
Timothy D. Padgett, P.A.
6267 Old Water Oak Road
Suite 203
Tallahassee, Florida 32312
(850) 422-2520 (telephone)
(850) 422-2567 (fax)
meb@padgettlaw.net

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by U.S. Mail to **Roger Pickles and Rebecca Crespi, Debtors**, 20907 Leeward Court, #257, Aventura, FL 33180; and electronically to **Robert A. Angueira, Esq.,** 6495 SW 24th Street, Miami, FL 33155; **Maria Yip, Trustee**, 201 Alhambra Circle, #501, Coral Gables, FL 33134; and **U.S. Trustee**, **United States Trustee**, 51 SW 1st Ave., Suite 1204, Miami, FL 33130, on this 13th day of June, 2013.

S/ Matthew E. Bryant

_____
Matthew E. Bryant